ABRAHAM v. AKRON SAUSAGE CO.

Ohio Appeals, 9th Dist., Summit Co.

No. 1175. Decided Feb. 1, 1927

707.• LEASES—An oral assignment of a properly executed written lease for a term of more than three years is enforceable in an action at law by the lessor against the assignee for the recovery of the remainder of the rent due, when the assignee takes possession of the demised property under the lease, pays the rent stipulated therein for a part of the term, and abandons the property without the lessor's consent.

**First Publication of this Opinion**

PARDEE, P. J.

Frank Abraham brought an action in the Summit Common Pleas against the Akron Sausage Co. to recover a sum of money for rent claimed to be due under an alleged contract made between the parties.

About Sept. 1919, Abraham leased to the Akron Sausage Co., a partnership, a piece of real estate for a period of five years at an annual rental of $720, payable in monthly installments of $60. The lease was in writing, signed by both parties, attested by two witnesses and acknowledged before a notary public.

The record also shows that in November, 1919, Abraham leased to the Akron Sausage Co. a corporation, a building adjacent to the property leased to the partnership. This also was a valid lease.

The Company was incorporated in the early part of October, 1919, and it was promoted by the same persons who composed the partnership, of the same name. Shortly after its incorporation, the partnership orally assigned its lease to the company, and the company went into possession of the demised property and paid the rent stipulated in the lease until it abandoned possession of the property October, 1923. The Company refused to pay any more although at the time suit was filed, neither lease had expired, claiming that having abandoned said property they were released from liability.

The trial court held that the corporation was liable to Abraham only for the rent due under the lease made directly to it, from the date of the last payment to the time the suit was filed, being six months at $30 per month. Upon a proceeding in error, the Court of Appeals held:

1. This conclusion was right, as there was an express contract by the defendant under a properly executed written lease to pay rent for the full term of the lease of five years. 15 OS. 186; 30 OS. 569; OS. 468.

2. The Company in its answer did not set up the statute of frauds as a defense, but claimed in the trial court and in this court that it is not liable under the first lease because the assignment to it was not in writing.

3. It has generally been held in equity that part performance of a contract for the sale of lands in cases where the vendee takes possession of the land under the contract, is sufficient to take the case out of the statute of frauds.

4. "But it is equally well settled that to have that effect, the possession must be connected with and in consequence of the contract; it must be in pursuance to its terms and in part execution of them. In other words, the possession must pursue and substantiate the contract." (45 OS. 543, at p. 547.)

5. So, does the oral assignment of the partnership lease to the corporation, the occupation of the leased property by said corporation and payment of rent to the lessor by said corporation take the contract out of the statutes of frauds in an action at law?

6. At an early date in the jurisprudence of this state, it was held, in an action at law for the recovery of rent under an oral lease for a year, that part performance took the case out of the statutes of frauds. Moore v. Beasley, 3 O. 294.

7. A parol lease of lands for more than one year, but less than three, will, by the taking possession under it, and the payment of rent according to its terms, be withdrawn wholly from the operation of the statute of frauds. Grant v. Ramsey, 7 OS. 150.

8. These cases and the principles of law announced therein are authority for the statement that as between the lessor and lessee of a piece of property, delivered into the possession of the lessee under an oral lease and the payment of rent therefor in cases where the term is not more than three years, that the case is taken out of the statute of frauds in an action at law for rent between the lessor and lessee.

9. In this state, leases for more than three years are required to be in writing, signed by the lessor, attested by two witnesses and acknowledged before a notary public or other officer named therein. Sec. 8510 GC.

10. An entry under a lease for a term of years at an annual rent void for any cause, and payment of rent under it, creates a tenancy from year to year upon the terms of the lease, except as to its duration. B. & O. v. West, 57 OS. 161.

11. It is the law that an oral assignment of either an oral or written lease for a term not exceeding three years, is good, where the assignee takes possession of the leased premises and pays the rent stipulated in the lease.

12. We are therefore of the opinion that an oral assignment of a properly executed written lease for a term of more than three years is enforceable in an action at law against the assignee for the recovery of the balance of the rent due, when the assignee takes possession

of the demised property under the lease and pays the rent stipulated in the lease for a part of the term.

13. But the Company claims that though this may be true, it is relieved from further liability because of having abandoned the demised property.

14. There are two kinds of obligations which are created between a lessor and a lessee, to-wit: those which arise by the express terms of the contract and those which are implied.

15. The implied relation arises by operation of law through privity of estate and not through privity of contract, as it is a covenant running with the land. The implied obligation is discharged when the privity of estate is destroyed, for then the reason for the obligation is taken away and the implied duty terminated. 15 OS. at p. 194; 31 OS. 371.

16. The evidence in this case shows that the defendant abandoned the property and did not attempt to reassign the lease to another with the consent of the lessor. It is generally held that mere abandonment of the leased property will not discharge the assignee from liability as liability is based on privity of estate and not by occupancy of the property.

17. But where the obligation of the lessee to pay rent is only that which is implied by law from his occupation of the premises, his assignment of the lease and surrender of possession to the assignee, with the assent of the lesser, extinguishes the privity of estate between the lessor and lessee, and the consequent implied liability of the lessee to pay rent. Lodge v. White, et al. 30 OS. 369.

18. For the reasons stated, the judgment of the trial court will be reversed; and it clearly appearing from the record that the Company is liable as a matter of law to Abraham for six months rent for both parcels of land, at the rate of $90 per month, final judgment may be entered in favor of the plaintiff for $540.

(Washburn, J., and Funk, J., concur.)

Attorneys—Commins, Brouse, Englebeck & McDowell and J. Fred Smith for Abraham; Donald Gotwald for Company; all of Akron.